Usama S. Abdel WAHAB

v.

U.S. ATTORNEY GENERAL

No. Civ.A. 05–2451.

United States District Court,
E.D. Pennsylvania.

May 31, 2005.

Usama S. Abdel Wahab, Lords Valley, PA, pro se.

## MEMORANDUM

DALZELL, District Judge.

Before us is Usama S. Abdel Wahab's May 25, 2005 *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. At this early juncture, we would typically grant Wahab *in forma pauperis* status, temporarily stay his deportation, and order the Government to respond.

On May 11, 2005, however, the President signed the Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). Buried deep in the Act, Section 106(a)(1)(B)(5) radically alters the terrain aliens fighting removal must navigate. Under Section 106(a)(1)(B)(5), "[n]otwithstanding ... section 2241 of title 28, United States Code, or any other habeas corpus provision, ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the *sole and exclusive means* for judicial review of an order of removal entered or issued under any provision of this Act

...." (emphasis added). Because this provision divests us of jurisdiction to adjudicate Wahab's petition, we shall treat it as one for review improperly filed in this Court and transfer it to our Court of Appeals.

In his petition, Wahab requests that we appoint him counsel. Lacking jurisdiction, we must deny his request. We do so, however, without prejudice because Section 106(a)(1)(B)(5) appears to raise constitutional concerns that our Court of Appeals may want to address. If the Court of Appeals shares our concern, Wahab definitely will need counsel to press the grave issues we merely highlight now.

█ Before May 11, 2005, an alien contesting removal could file one of two petitions: (1) a petition for review in a Court of Appeals or (2) a petition for a writ of habeas corpus in federal district court. *See Chmakov v. Blackman,* 266 F.3d 210, 213 (3d Cir.2001). Section 106(a)(1)(B)(5)'s plain terms,[1] however, now foreclose aliens from proceeding under the second route, filing a habeas petition.

Under our Constitution's Suspension Clause, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. While Congress may divest federal courts of habeas jurisdiction without violating the Suspension Clause, it must at the very least substitute "a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention." *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977); *see also Immigration and Naturalization Serv. v. St. Cyr,* 533 U.S. 289, 300–01, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (suggesting that the Suspension Clause might be violated if habeas review were to be foreclosed in the immigration context).

When applied to all aliens fighting removal, one could find Section 106(a)(1)(B)(5) inadequate because it effectively bars these litigants from receiving an evidentiary hearing. Specifically, 28 U.S.C. § 2243 allowed aliens to proffer evidence at an evidentiary hearing, enabling the judge to make factual findings. Section 106(a)(1)(B)(5), however, requires aliens to file a petition for review, which, unlike habeas actions, restricts the court to "decide the petition *only on* the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A) (emphasis added). In other words, Section 106(a)(1)(B)(5) deprives aliens of the ability to present evidence at a hearing.[2]

When applied to certain criminal aliens like Wahab, one could find Section 106(a)(1)(B)(5) even more inadequate. Read in conjunction with other Title 8 provisions, Section 106(a)(1)(B)(5) appears to foreclose certain alien criminals from receiving *any* judicial review of their removal orders. 8 U.S.C. § 1252(a)(2)(C) bars courts from entertaining an alien's petition for review if that alien committed any enumerated crime. *See Liang v. Immigration & Naturalization Serv.,* 206 F.3d 308, 322 (3d Cir.2000). Yet, Section 106(a)(1)(B)(5) appears on its face to restrict these alien criminals—like all other

---

1. To repeal habeas jurisdiction, Congress must clearly communicate its intent: "Implications from statutory text or legislative history are not sufficient to repeal habeas jurisdiction; instead, Congress must articulate specific and unambiguous statutory directives to effect a repeal." *Immigration and Natu-*

*ralization Serv. v. St. Cyr,* 533 U.S. 289, 299, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

2. This could be problematic, for example, if an alien wanted to prove that he had ineffective counsel during removal proceedings by proffering evidence outside the administrative record.

aliens—to one path, filing a petition for review in the Court of Appeals, the very procedure 8 U.S.C. § 1252(a)(2)(C) prohibits. Thus, reading Section 106(a)(1)(B)(5) and 8 U.S.C. § 1252(a)(2)(C) together appears to cut off certain criminal aliens from any channel of judicial review.[3] *See St. Cyr*, 533 U.S. at 300, 121 S.Ct. 2271 ("[S]ome 'judicial intervention in deportation cases' is unquestionably 'required by the Constitution.'") (quoting *Heikkila v. Barber*, 345 U.S. 229, 235, 73 S.Ct. 603, 97 L.Ed. 972 (1953)).

Wahab's petition demonstrates that this concern is by no means conjectural. The Board of Immigration Appeals emphasized that Wahab "was convicted of, among other things, making a false statement in an application for a United States passport." Pet.'s Ex. 3. While we do not know all the offenses Wahab committed, it is possible that one or more fall under 8 U.S.C. § 1252(a)(2)(C); consequently, Section 106(a)(1)(B)(5) could foreclose him from receiving any judicial review of his impending deportation.

Notwithstanding our concerns, we must honor Congress's recent decision to divest us of jurisdiction, and so shall deny Wahab's petition for the appointment of counsel without prejudice. Given the newness of the statute, we transfer this matter to the Court of Appeals rather than dismiss it.

An Order follows.

### ORDER

AND NOW, this 31st day of May, 2005, upon consideration of the petition for writ of habeas corpus (docket entry # 1), which we treat as a petition for review improperly filed in this Court, and for the reasons enunciated in our accompanying memorandum, it is hereby ORDERED that:

1. The Clerk of Court shall TRANSFER this matter to the United States Court of Appeals for the Third Circuit;

2. Petitioner's request for the appointment of counsel is DENIED WITHOUT PREJUDICE; and

3. The Clerk of Court shall CLOSE this matter statistically.

---

**3.** While relevant, *Felker v. Turpin*, 518 U.S. 651, 663–64, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) would appear to be distinguishable because it dealt with restrictions on the writ, rather than Congress's wholesale elimination of it for a certain class of people, *i.e.*, aliens fighting a removal order.